UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES F. MITCHELL, II,  
ET AL.

CIVIL ACTION

VERSUS

UNITED STATES ARMY CORPS  
OF ENGINEERS

NO. 21-00478-BAJ-EWD

RULING AND ORDER

Before the Court is the Defendant's **Motion to Dismiss First Amended Complaint (Doc. 25)**, which requests that Plaintiffs' claims be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs oppose the Motion. (Doc. 31). Defendant has filed a Reply Brief. (Doc. 39).

For the reasons stated herein, Defendant's Motion is **GRANTED** and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.

I.   ALLEGED FACTS

Plaintiffs own and maintain a parcel of land located in Ascension Parish, Louisiana that is the subject of this dispute (the "Property"). (Doc. 24 ¶ 4). Plaintiffs allege the following:

In 2007, Plaintiffs allowed a contractor to remove soil from the Property for use in a nearby road project. Plaintiffs' consent to this removal was predicated on the contractor obtaining all necessary permits for the soil removal, but Plaintiffs did not request such permits themselves or confirm with the contractor that such permits were obtained. (*Id.* ¶¶ 6-7).

1

In 2008, Plaintiffs allowed a second contractor to remove additional soil from the Property for use in another nearby road project. Plaintiffs again consented, with the condition that the contractor obtain all necessary permits before the removal of the soil. After the second contractor removed the soil, the contractor transformed the resulting pit into a recreational pond and constructed a levee around said pond. (*Id.* ¶¶ 8-9, 13).

On or about April 21, 2008, Defendant U.S. Army Corps of Engineers was contacted by an unnamed individual to report the creation of the recreational pond. (*Id.* ¶ 14).

On or about February 23, 2010, Defendant conducted a site visit to the Property to document the changes. Thereafter, Defendant notified Plaintiffs that the removal of soil and the creation of a recreational pond required permits which had not been obtained. (*Id.* ¶¶ 15-16). Defendant issued several cease and desist orders to Plaintiffs for the completed work alleging that the work violated the Clean Water Act, the Rivers and Harbors Act, and the Ocean Dumping Act. (Doc. 24 ¶ 28).

To receive retroactive authorization for the creation of the recreational pond, United States Army Corps of Engineers' guidelines require the submission of an after-the-fact ("ATF") permit application. 33 C.F.R. § 326.3(e). However, no ATF permit is accepted "unless and until the applicant has furnished a signed statute of limitations tolling agreement to the district engineer." 33 C.F.R. §§ 326.3(e)(v), 331.11(e).

In December 2010, Plaintiffs and Defendant executed an agreement which

2

provided that "the time between the acceptance by the Corps of the ATF permit application and the final Corps decision . . . plus one year thereafter, will not be included in calculating any statute of limitations that might be applicable to the alleged statutory violation(s)." (Doc. 24 ¶ 27). The "Tolling Agreement" further stated that Defendant had accepted the ATF permit application "in an attempt to settle" its claims against Plaintiffs and to facilitate "processing of an after-the-fact permit without further enforcement activity." (*Id.* ¶ 23). The ATF permit application itself was filed several months later, on or about March 18, 2011. (*Id.* ¶ 31).

Defendant took no action regarding Plaintiffs' permit application between June 6, 2012, and April 20, 2020. (*Id.* ¶ 47). Defendant offers no explanation for this delay.

On April 20, 2020, Defendant denied Plaintiffs' ATF permit application and issued a Reforestation Plan for the Property that would entail significant costs for Plaintiffs to implement. (*Id.* ¶¶ 36-42). According to the Plaintiffs' Amended Complaint, in the event success under the Reforestation Plan "is not likely to occur", Plaintiffs are obligated to propose modifications to the plan and even potentially pay a penalty should the Plan fail. (*Id.* ¶ 40). This penalty would be assessed by requiring Plaintiffs to provide compensatory mitigation at an approved mitigation bank.[1] (*Id.*). Plaintiffs estimate that implementing the Reforestation Plan would cost at least $1,000,000. (*Id.* ¶ 41).

---

[1] A mitigation bank is a site, or suite of sites, where resources (e.g., wetlands, streams, riparian areas) are restored and/or preserved for the purpose of offsetting impacts authorized by permit. In general, a mitigation bank sells compensatory mitigation credits to permittees, whose obligations to provide compensatory mitigation are then transferred to a mitigation bank sponsor. 33 C.F.R. § 332.2.

## II. PROCEDURAL BACKROUND

On June 17, 2020, Plaintiffs timely filed an administrative appeal of Defendant's denial of Plaintiffs' ATF permit application. (*Id.* ¶ 45). Defendant prepared an administrative record outlining the above facts and submitted it to Plaintiffs on July 23, 2020. (*Id.* ¶ 46). The administrative appeal is still pending. (*Id.* ¶ 48).

On July 8, 2021, Plaintiffs sued Defendant in the Twenty-Third Judicial District Court for the Parish of Ascension in the State of Louisiana. (Doc. 1-2). Plaintiffs asserted in their original complaint: 1) claims arising under Louisiana state law requesting declaratory judgment to bar Defendant from asserting all claims against Plaintiffs, (La. Civ. Code Ann. art. 3471 and 3505), and 2) that Defendant should be equitably estopped from asserting all claims against Plaintiffs due to Defendant's substantial delay in denying Plaintiffs' ATF permit application. (*Id.* ¶¶ 45-59).

Defendant removed this suit on August 19, 2021 to this Court under 28 U.S.C. §§ 1331 and 1442(a)(1). (Doc. 1). Following removal, the parties jointly requested several stays while attempting to reach a settlement. (Docs. 11, 14). The parties' efforts were not successful.

Plaintiffs later filed an amended complaint on April 19, 2023, adding claims under the Takings Clause of the Fifth Amendment of the United States Constitution and under Sections 555(b) and 705 of the Administrative Procedure Act. (Doc. 24 ¶¶ 64-96); 5 U.S.C. §§ 555(b), 705. Defendant filed a motion to dismiss under Federal

4

Rules of Civil Procedure 12(b)(1) and 12(b)(6), (Doc. 25), to which Plaintiffs responded. (Doc. 31). Defendant filed a reply to Plaintiffs response. (Doc. 39).

### III.    LEGAL STANDARD

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citations omitted). Lack of subject matter jurisdiction may be established based on 1) the complaint alone, 2) the complaint supplemented by the undisputed facts evidenced in the record, and 3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (*citing McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (*citing Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980)). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d. at 161 (*citing Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*,

281 F.3d. at 161 (*citing Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010).

## IV. DISCUSSION

### a. Defendant's Arguments

Defendant argues that the Court lacks subject matter jurisdiction over Plaintiffs' suit, despite Plaintiffs amending their complaint post-removal to add several claims based on federal law.

Defendant relies on *Lopez v. Sentrillon Corp.* for the proposition that, in removals under 28 U.S.C. § 1442, "[t]he derivative jurisdiction doctrine maintains that when a case is removed from state court to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." 749 F.3d 347, 350 (5th Cir. 2014), *as revised* (Apr. 28, 2014). Therefore, "if the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none," even if "in a like suit originally brought in a federal court it would have had jurisdiction." *Leal v. Becerra*, No. 20-11083, 2021 WL 5021034, at *1 (5th Cir. June 3, 2021) (*quoting Lopez*, 749 F.3d at 350).

Defendant further cites to *Reece v. Hamm* to assert that a "[p]laintiff's 'post-removal amendment [to his complaint] does not cure the jurisdictional defect' under the derivative jurisdiction doctrine . . . because '[t]he jurisdictional facts that support removal must be judged at the time of removal,' . . . and 'amendment may not create subject matter jurisdiction when none exists.'" *Reece v. Hamm*, No. CV 19-669-JWD-EWD, 2021 WL 4480989, at *7 (M.D. La. Sept. 29, 2021) (*quoting Guevara v. United States*, No. 20-0022, 2020 WL 1529005, at *4 (N.D. Tex. Mar. 31, 2020); *Gebbia v.*

6

*Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *In re Katrina Canal Breaches Litig.*, 342 F. App'x 928, 931 (5th Cir. 2009) (per curiam)).

Defendant asserts that, based on this precedent, subject matter jurisdiction exists for the Plaintiffs' claims here only to the extent the state court had jurisdiction over the causes of action that Plaintiffs raise in their *original* complaint. (Doc. 25-1 at FN 2). The federal government cannot be sued under state law absent an "unequivocally expressed" waiver of sovereign immunity. *Charles v. McHugh*, 613 F. App'x 330, 335 (5th Cir. 2015) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). The claims in Plaintiffs' original complaint were based on Louisiana state law, and Defendant asserts that Plaintiffs' complaint does not point to any such waiver. (Doc. 25-1 at pp. 12-13). Accordingly, Defendants conclude that the Louisiana state court from which this action was removed did not possess subject matter jurisdiction, that this Court acquired none upon removal, and that their Motion to Dismiss should be granted.

### b. Plaintiffs' Arguments

Plaintiffs present a variety of arguments in response. Plaintiffs begin by correctly noting that Defendant removed this case under 28 U.S.C. §§ 1331 and 1442(a)(1), and concede that removal was based on Defendant being a federal agency. (Doc. 31 at p. 6). To this end, Plaintiffs argue that the Court possesses jurisdiction because removal under 28 U.S.C. § 1442 grants "independent jurisdictional grounds over [this case] . . . where [this C]ourt would not otherwise have jurisdiction." *JAJ Ventures, L.L.C. v. Environmental Chem. Corp.*, No. CIV.A. 07-2718, 2009 WL

911020, at *3 (E.D. La. Mar. 31, 2009) (*citing IMFC Pro. Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. 1982)).

Plaintiffs next note that their Takings Clause and APA claims were filed post-removal. Since those claims were never before the state court, Plaintiffs assert that those claims are not barred by the rules of derivative jurisdiction. (Doc. 31 at pp. 12, 23). Plaintiffs reason that while the state court would have had no jurisdiction over such claims, since neither cause of action was brought before Plaintiffs' suit was removed, this Court is not constrained by the state court's hypothetical lack of jurisdiction. (*Id.* at 12). Based on this Court's jurisdiction over their federal claims, Plaintiffs further conclude that this Court can exercise supplemental jurisdiction over Plaintiffs' original state-law claims. (*Id.* at 27). A federal court can exercise supplemental jurisdiction over state-law claims that the court would otherwise not be able to hear when those state-law claims are sufficiently connected to other claims for which the federal court possesses jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Plaintiffs contend that since their state-law claims arise from the same facts as their additional claims, the Court can exercise supplemental jurisdiction. (Doc. 31 at p. 28).

Should all else fail, Plaintiffs note that the doctrine of derivative jurisdiction "is not absolute and is potentially waivable." *Lopez v. Vaquera*, No. EP-12-CV-00427-DCG, 2013 WL 8297541, at *7 (W.D. Tex. July 8, 2013), *aff'd sub nom. Lopez*, 749 F.3d 347 (5th Cir. 2014), *as revised* (Apr. 28, 2014). A waiver of derivative jurisdiction has been found when the issue was not raised "immediately upon removal." *Id.* (*citing*

8

*Foval v. First Nat. Bank of Com. in New Orleans*, 841 F.2d 126, 129 (5th Cir. 1988)). Plaintiffs believe the derivative jurisdiction doctrine should be waived here since Defendant objected to jurisdiction almost two years after Defendant removed the matter to federal court. (Doc. 31 at p. 13).

Plaintiffs also contend that should Defendant's Motion be granted, judicial efficiency will not be served since Plaintiffs will simply refile their suit in federal court. Plaintiffs note that such a result would be illogical and runs the risk of being an unnecessary "rigmarole unworthy of a civilized judicial system." *State of N.D. v. Fredericks*, 940 F.2d 333, 336 (8th Cir. 1991). Accordingly, Plaintiffs assert that the Court should deny Defendant's Motion.

Defendant and Plaintiffs also devote substantial portions of their pleadings to argue over whether the Court has jurisdiction over Plaintiffs' Takings Clause claims since this action was removed from state court and since the Tucker Act grants exclusive jurisdiction for such claims to federal courts. 28 U.S.C. §§ 1491(a)(1) and 1346(a)(2). For reasons discussed below, the Court need not address this issue.

### c. Analysis

The principal questions posed by the above are as follows: What is the Court's basis for subject matter jurisdiction? Must jurisdiction be determined by the Plaintiffs' original complaint, or may the Court consider Plaintiffs' post-removal amendments to their complaint? Did the originating state court possess jurisdiction? The answers to the above questions are 1) the Court must possess derivative jurisdiction to hear this case, 2) the Court must look to the complaint at the time of

removal to determine its jurisdiction, and 3) the state court did not possess jurisdiction at the time of removal. Accordingly, Defendant's Motion will be **GRANTED**.

In removals under 28 U.S.C. § 1442, a federal court's jurisdiction is entirely derivative of the state court's jurisdiction from which the action is removed. *Lopez*, 749 F.3d at 350. Plaintiffs' argument that 28 U.S.C. § 1442 independently grants the Court with jurisdiction must be rejected, as such a result would be essentially inapposite to the 5th Circuit's reasoning and holding in *Lopez*. 749 F.3d at 350. Additionally, the cases that Plaintiffs cited for their argument on this point pertained to whether removal itself was proper, and not with whether the respective federal court had subject matter jurisdiction over the removed claim moving forward. *See JAJ Ventures, L.L.C.*, No. CIV.A. 07-2718, 2009 WL 911020, at *3 (stating that "though the Government's removal was authorized under Section 1442, this Court is without subject matter jurisdiction over those claims"); *IMFC Pro. Servs. of Fla., Inc.*, 676 F.2d at 156 (analyzing whether a court had "initial" jurisdiction to remove claims to federal court).

Nor has Defendant waived this line of argument, despite pursuing it well after the time of removal, since Defendant raised the derivative jurisdiction issue in their timely first response, (Doc. 25), to Plaintiffs' amended complaint. *Contra Foval*, 841 F.2d at 129 (holding that plaintiff waived his right to object to jurisdiction when plaintiff did not raise the issue until after entry of judgment). The substantial delay from the time of removal to Defendant's objection to jurisdiction was largely the

product of this case being administratively stayed on multiple occasions at the request of the parties. (Docs. 11, 14).

The Court may consider post-removal amendments to Plaintiffs' complaint in determining jurisdiction only to the extent such amendments are of the "technical" or "formal" variety. *In re Katrina Canal Breaches Litig.*, 342 F. App'x at 931. Dropping a dispensable party to perfect jurisdiction is one example of a technical or formal change. *Id.* at n.2. Adding several new causes of action based on federal law post-removal are neither technical nor formal changes to Plaintiffs' original complaint. Rather, Plaintiffs impermissibly seek to "substitute new causes of action over which there would be jurisdiction." *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985). Moreover, Plaintiffs explicitly characterize their claims in this manner when they assert that supplemental jurisdiction exists over the original state-law claims due to their connection with the new federal-law claims Plaintiffs added after removal. (Doc. 31 at p. 23). Accordingly, the Court is confined in its jurisdictional review to the claims brought by Plaintiffs in their original complaint. If the state court had jurisdiction over Plaintiffs' claims for declaratory judgment or equitable estoppel, this Court would too. As the Court will explain, however, the state court did not possess jurisdiction.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Waivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed.'" *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33 (1992) (*quoting United*

*States v. Mitchell*, 445 U.S. 535, 538 (1980)). Further, waivers must be the "clear intent" of Congress and must be "narrowly construed." *Id.* at 34. The only waiver Plaintiffs' briefings point to for their state-law claims is Section 702 of the APA. (Doc. 31 at p. 27). Section 702 of the APA states that:

> "An action *in a court of the United States* seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party."

5 U.S.C. § 702 (emphasis added). The Court is aware of the recently stayed ruling by the U.S. Court of Appeals for the Fifth Circuit that held that Section 702 of the APA "generally waives" the Federal Government's immunity over certain state-law claims seeking nonmonetary relief. *State v. United States Dep't of Homeland Sec.*, 88 F.4th 1127, 1133 (5th Cir. 2023), *vacated sub nom. Dep't of Homeland Sec. v. Texas*, No. 23A607, 2024 WL 222180 (U.S. Jan. 22, 2024) (*quoting Apter v. HHS*, 80 F.4th 579, 589 (5th Cir. 2023)). To that end, the scope of the Government's waiver in Section 702 of the APA as applied in this case is presently indeterminate.[2]

However, as Plaintiffs concede, this waiver is exclusively available in federal courts. (Doc. 31 at pp. 23-24). "A court of the United States" as described in Section 702 of the APA refers exclusively to federal courts. *Fed. Nat. Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989); *State*, 88 F.4th at 1134 (*citing* RICHARD H. FALLON,

---

[2] The scope of the Government's waiver in Section 702 of the APA as applied in this case is indeterminate since, should the Fifth Circuit's construction of Section 702 ultimately be upheld, the Court would be required to construe Section 702 as generally waiving the Government's sovereign immunity to state-law claims seeking nonmonetary relief when such claims are brought in a court of the United States. Absent such a ruling by the Fifth Circuit, the Court can consider alternative interpretations of Section 702 of the APA, some of which assert that the Government has not waived sovereign immunity to state-law claims. *See Ifone Neda Internet Serv. v. Army & Air Force Exch. Serv.*, No. 4:21-CV-330, 2022 WL 16577305, at *1 (S.D. Tex. Nov. 1, 2022).

Jr., John F. Manning, Daniel J. Meltzer & David L. Shapiro, Hart & Wechsler's The Federal Courts and the Federal System 902 (7th ed. 2015)). While Plaintiffs did request nonmonetary relief, the state court in which they originally filed this action lacked jurisdiction. Accordingly, and even though jurisdiction would potentially exist if "a like suit" were brought in federal court, the Court acquired no jurisdiction upon removal and lacks jurisdiction here. *Leal*, No. 20-11083, 2021 WL 5021034, at *1. The Court acknowledges that this result achieves little beyond forcing Plaintiffs to refile their suit, but finds that this is the outcome mandated by faithful application of the relevant law to the facts at hand.

V. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Doc. 25)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' action be and is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Final judgment shall issue separately.

Baton Rouge, Louisiana, this 5th day of January, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**